**SUPERIOR COURT**
**OF THE**

**BRADLEY V. MANNING**
*COMMISSIONER*

**NEW CASTLE COUNTY COURTHOUSE**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801-3733**
**TELEPHONE: (302) 255-0632**

September 25, 2018

Andrew G. Ahern III, Esq.
1701 North Market Street
P.O. Box 248
Wilmington, DE 19899
Attorney for Petitioner, Bakr Dillard

Danielle J. Brennan, Esq.
Deputy Attorney General
820 N. French St, 7th Floor
Wilmington, DE 19801
Attorney for the State

**Re:** **Bakr Dilard v. State of Delaware, In The Matter of $25,918.64 U.S. Currency, C.A. No. N18M-06-212**

## LETTER ORDER ON THE STATE'S MOTION TO DISMISS PETITIONER'S MOTION FOR RETURN OF PROPERTY

Dear Counsel:

Before the Court is a Motion for Return of Property ("Motion") filed by Bakr Dillard ("Petitioner") on June 27, 2018. The Motion seeks the return of $25,918.64 seized from Petitioner's bank account by the State subsequent to arrest in connection with criminal case #1710003809. The State filed a Motion to Dismiss the Motion for Return of Property on July 24, 2018. It is the State's position that Petitioner agreed to forfeit the seized money as part of a guilty plea agreement entered on June 21, 2018.

A hearing was held on August 31, 2018. At that the time, the Court asked the parties to submit affidavits within 30 days regarding each parties understanding of the terms of the plea agreement. I have reviewed the parties' submissions and the matter is now ripe for decision.

1

The plea agreement in question states that "[d]efendant agrees to forfeit the items seized by police in connection with his arrest in this case." [1] The guilty plea agreement is silent as to what "items" the parties were specifically referring to. Furthermore, neither party has offered any contemporaneous evidence as to what the parties understood the term "items" to encompass at the time the plea was entered.

In his affidavit, defense counsel stated that he has "no recollection of any discussion of seizure of bank accounts or other monetary assets." And that he did "not think I actually knew that [a seizure of the $25, 918.64] had taken place until Mr. Ahern told me in connection with the asset forfeiture case." Finally, defense counsel also stated that "I can confirm that I never told Mr. Dillard anything about bank accounts or financial assets being forfeited as part of the plea." For its part, the State averred that it "intended the forfeiture language in the plea agreement to be all-encompassing, and therefore [it] did not specifically list each item to be forfeited, and each amount of cash seizures."

Based on the affidavits submitted by both parties, it is clear that no meeting of the minds occurred between defense counsel and the prosecutor over exactly what "items" each thought was to be forfeited under the plea agreement.

It is settled law that "plea agreements, and any other agreements into which the State and a defendant may enter, are governed by contract [law] principles." [2] Additionally, under the doctrine of *Contra Proferentem*, any ambiguity in an agreement must work against the drafter. [3]

With that understanding, I find that the forfeiture language of the plea agreement is ambiguous on its face and the extrinsic evidence submitted by the parties has only served to heighten the ambiguity. The parties did not have a mutual understanding as to

---

[1] The record indicates that police seized marijuana, a firearm and two different amounts of money, $11,000 and $400 at the time of Petitioner's arrest—none of these items are in dispute.

[2] *Cole v. State*, 922 A.2d 354, 359 (Del. 2005).

[3] *See Norton v. K-Sea Transp. Partners L.P.*, 67 A.3d 354, 360 (Del. 2013) (applying the *contra proferentem* principle and construing ambiguous terms against the drafter).

the scope of the forfeiture agreement and this ambiguity must be borne by the State as the drafter of the plea agreement. Because of this, I find that Petitioner did not knowingly agree to forfeit the $25,918.64 at the time he entered his guilty plea, and is thus legally entitled to pursue recovery remedies pursuant to 10 *Del. C.* § 4784.

For the foregoing reasons, the State's Motion to Dismiss is DENIED. The matter will be scheduled for trial pursuant to Superior Court Civil Rule 71.3(d) after discovery is complete.

**IT IS SO ORDERED**.

Commissioner

Oc: to Prothonotary
Cc: via email to all parties

3